WALTER J. ROTHSCHILD, Judge.
 

 [2Defendant, Milton L. Crosby, Sr., appeals the trial court’s September 10, 2009 judgment, granting the Petition for Writ of
 
 Quo Warranto
 
 filed by plaintiff, Jonathan C. Bolar. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 In July 2008, the citizens of Gretna, Louisiana, voted for the city to annex parcels of land, known as the Timberlane Subdivision, effective at midnight on December 31, 2008. This resulted in a redistricting plan for the Gretna City Council. The redistricting plan was submitted to the United States Department of Justice for pre-clearance, pursuant to the Voting Rights Act of 1965. Although elections for the Gretna City Council were scheduled for April 4, 2009, the Louisiana Secretary of State informed the Jefferson Parish Clerk of Court that no elections would take place in Gretna on that date due to the pending pre-clearance.
 

 |3On February 6, 2009, the City of Gret-na filed a Petition for Writ of Mandamus against the Louisiana Secretary of State, requesting that the trial court order the elections for City of Gretna offices to be held on April 4, 2009. On February 10, 2009, the trial court ordered that the elections for certain offices be held, but the elections for the Gretna City Council, Districts One through Four, would not be held on April 4, 2009, based on LSA-R.S. 18:1941.
 

 On June 30, 2009, the statutory terms of office for the council members from districts one through four expired. On July 1, 2009, the Gretna City Council held a meeting, discussed the expiration of the council members’ terms, and appointed individuals to fill these offices until an election could be held. The council members who had expired terms and were present at the meeting voted for the appointments pursuant to LSA-R.S. 42:2, which provides that every public officer shall continue to discharge the duties of his office until a successor is inducted into office.
 

 At the July 1, 2009 meeting, the Council appointed Milton Crosby, Sr. to serve as the interim Councilman for District One,
 
 *1095
 
 Belinda Constant for District Two, Vincent Cox, III, for District Three, and Raylyn Beevers for District Four. Council members Constant, Cox, and Beevers, had been serving on the Council prior to the expiration of their terms on June 30, 2009, and their appointments allowed them to continue representing their districts pending an election. Mr. Crosby had not previously been serving on the Council, but rather he was appointed to fill the office held by Jonathan Bolar, who had been serving as the council member representing District One.
 

 Thereafter, the Council sent the oaths of office for the interim council members to the Louisiana Secretary of State, but the Secretary of State refused to accept the oaths of office for these members. The Secretary of State sent a letter to |4the City Attorney for Gretna on July 7, 2009, indicating that he was refusing to accept the oaths of office, because there were no vacancies in these offices and thus, the interim council members were improperly appointed to serve on the Council pending an election. Thereafter, on July 20, 2009, the City of Gretna sent a letter to the Governor of Louisiana, seeking acknowledgment of the appointments made by the Council and/or requesting the Governor to make appointments to fill these offices. On August 3, 2009, the Governor’s office issued a letter to the Louisiana Attorney General, asking for an opinion on 1) whether a “vacancy” is created by the end of each of the council members’ terms; 2) whether the holdovers’ status as holdovers precludes appointment to fill the vacancies; and 3) whether the Council acted properly in filling the vacancies or was the Governor obligated to do so. In the letter, the Governor’s office opined that vacancies were created by the expiration of the council members’ terms and that the Council, including the holdover members, properly appointed interim members to the Council to represent districts one through four.
 

 On August 21, 2009, Jonathan Bolar, in his capacity as District One Councilman, filed a Petition for Writ of
 
 Quo Warranto,
 
 against Milton Crosby, Sr., asserting that Mr. Bolar was entitled to remain in office as a holdover member after the expiration of his term on June 30, 2009, pursuant to LSA-R.S. 42:2, and asking for the issuance of a writ ordering Mr. Crosby to state, defend, and/or justify under what authority he purported to serve as Councilman for District One on the Gretna City Council.
 
 [1]
 
 Mr. Crosby filed an Opposition to the Petition for Writ of
 
 Quo Warranto,
 
 claiming that the expiration of Mr. Bolar’s term created a vacancy in the office and that Mr. Crosby was properly appointed as Councilman for District One, | r,pursuant to the terms of the Lawrason Act, LSA-R.S. 33.1,
 
 et seq.,
 
 and specifically LSA-R.S. 33:383(B).
 

 This matter came before the trial court for hearing on August 28, 2009. At the conclusion of the hearing, the trial judge granted Mr. Bolar’s Petition for Writ of
 
 Quo Warranto,
 
 finding that Mr. Crosby failed to show adequate authority to hold the office of Councilman for District One and forbidding him to do so. The trial judge found that the expiration of Mr. Bolar’s term of office on June 30, 2009 did not create a “vacancy” in the office and thus, the appointment of Mr. Crosby was invalid. Mr. Crosby appeals.
 

 LAW AND DISCUSSION
 

 On appeal, Mr. Crosby argues that the trial court erred in granting the writ of
 
 *1096
 

 quo warranto
 
 and in failing to acknowledge the right of the governing authority of the City of Gretna to recognize the vacancies in the offices of the council members caused by the expiration of the term of office and to fill the vacancies as provided under the Lawrason Act. He further contends that the trial court erred in failing to recognize that LSA-R.S. 42:2 allows the holdover members of the governing authority to appoint a successor to fill a vacancy under LSA-R.S. 33:38S(B). Finally, he asserts that the trial court erred in failing to find that a “vacancy” of office occurs when, for any reason, an election is not held prior to the expiration of the term of office.
 

 At the July 1, 2009 meeting of the Gret-na City Council, the Council, including some members whose terms had expired and were serving as holdover members, appointed the council members who had been representing Districts Two through Four to continue serving on the Council until an election could be held. However, the Council decided to replace Mr. Bolar by appointing Mr. Crosby to serve as the interim Councilman for District One. After hearing the matter, the |(itrial judge found that there was no vacancy in the office and that Mr. Bolar was entitled to serve as a holdover council member, pursuant to LSA-R.S. 42:2, until an election was held. We agree with the trial judge.
 

 LSA-R.S. 18:581(3) of the Louisiana Election Code sets forth the definition of “vacancy” as follows:
 

 “Vacancy” occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding, or when an office is created due to a reclassification of a municipality.
 

 LSA-R.S. 42:2 provides:
 

 Every public officer in this state except in case of impeachment, suspension, or meeting the term limitations set forth in R.S. 42:3.2, shall continue to discharge the duties of his office until his successor is inducted into office.
 

 The failure to hold an election and resulting expiration of a term of office, as in the present case, are not included in the definition of “vacancy” set forth in LSA-R.S. 18:581(3). Although the Governor’s office indicated in its letter that the phrases “removal from office by any means” or “failure to take office for any reason” in LSA-R.S. 18:581(3) are broad enough to encompass an expired term of office or failure to take office due to a postponed election, we disagree. The phrase “removal from office” clearly suggests a situation in which an elected official is removed during their term of office, not a situation in which a term expires. The phrase “failure to take office for any reason” is inapplicable as well, because Mr. Bolar did not fail to take office. Rather, he intended to continue as a holdover member of the Council and was informed that Mr. Crosby had been appointed as Councilman for District One in his place. After a thorough review of the matter, |7we find no applicable law providing that a vacancy occurs under the facts of this case. Accordingly, there was no vacancy for the Council to fill and the appointment of Mr. Crosby was invalid. Pursuant to LSA-R.S. 42:2, Mr. Bolar was entitled to act as a holdover
 
 *1097
 
 member and to continue to discharge his duties as Councilman for District One until the postponed election was held, just as the other incumbent council members were entitled to do.
 

 Mr. Crosby contends that there was in fact a vacancy in the Council offices for Districts One through Four, pursuant to LSA-R.S. 33:383(B), and that the Council properly appointed individuals to fill these vacancies. We disagree. LSA-R.S. 33:383(B) provides:
 

 If no election is held on the day herein prescribed or if a vacancy in any municipal office elective by the people occurs or if an officer elected fails to qualify, such vacancy shall filled in accordance with the provisions of Article VI, Section 13 of the Constitution of Louisiana or as otherwise provided by law.
 

 Although this statute refers to a vacancy when an election is not held on the day prescribed, we agree with the trial court and the Louisiana Secretary of State that LSA-R.S. 33:383(B) cannot serve as a basis to declare a vacancy on the City Council in this case, because none of the situations creating a vacancy, as set forth in LSA-R.S. 18:581(3), took place. Mr. Crosby argues that the definition of vacancy in LSA-R.S. 18:581(3) applies only to the Louisiana Election Code and not the Law-rason Act. However, that argument is unpersuasive, and we find that LSA-18:581(3) applies to this case.
 

 Although Mr. Bolar was facing a 16-count indictment at the time of the expiration of his term of office, this did not authorize the remaining members of the Council to replace him when his term expired. The remaining incumbents continued to serve their districts as per LSA-R.S. 42:2, and Mr. Bolar was entitled to do the same. To hold otherwise would suggest that council members could use | xthe expiration of a term of office as an opportunity to replace someone who had been holding an office and to appoint someone else of their own choosing for any reason. While we acknowledge that the federal indictment Mr. Bolar was facing was certainly of a serious nature, we nevertheless find that the Council was not entitled to effectively remove him from office by appointing a new member to the Council in his place.
 

 Based on the applicable law and the facts before us, we find that the expiration of the statutory term of office on June 30, 2009 did not create a vacancy in the office of Councilman for District One. Thus, the Council members did not have the authority to replace Mr. Bolar and appoint Mr. Crosby as Councilman for District One.
 

 Considering our finding that there was no vacancy in the office of Councilman for District One, the remaining argument regarding the authority of holdover members to fill a vacancy need not be addressed.
 

 DECREE
 

 For the foregoing reasons, the ruling of the trial court granting Mr. Bolar’s Petition for Writ of
 
 Quo Warranto
 
 is affirmed.
 

 AFFIRMED.
 

 CHEHARDY, J., dissents without reasons.
 

 [1]
 

 . Mr. Bolar also filed a Petition for Writ of Mandamus and Writ of
 
 Quo Warranto
 
 against Ronnie Harris, the Mayor of Gretna, and Jay Dardenne, Louisiana Secretary of State. This Petition for Writ of
 
 Quo Warranto
 
 was subsequently dismissed by Mr. Bolar. Secretary of State Dardenne was later dismissed from the proceedings as well.